IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| KENNETH D. LIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00058 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ZION BAPTIST CHURCH, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendants. | ) | |

On August 8, 2021, Kenneth D. Liggins addressed the congregation of Zion Baptist Church ("the Church") with permission from its pastor, Karlyle Hill. But when Liggins began expressing concerns about the Church's direction, Hill asked him to retake his seat. The two men shouted at each other until a third person convinced Liggins to retake his seat. After this incident, the Church's board issued Liggins a no-trespass notice to prevent him from returning to the Church's property. At the following Sunday's service, Hill described Liggins's actions as an "insurrection," and the Church later posted those remarks on Facebook. Liggins, proceeding *pro se*, responded with this lawsuit, alleging violations of his constitutional rights and defamation.

For the reasons that follow, Defendants' motion to dismiss (ECF No. 5) will be granted; Liggins's 42 U.S.C. § 1983 claims will be dismissed with prejudice and his defamation claim will be dismissed without prejudice. Defendants' motion for sanctions (ECF No. 6) will be denied. Liggins's motions for a default judgment (ECF Nos. 10, 12) and his motion for sanctions (ECF No. 11) will be denied.

## I.   BACKGROUND

The key events in this case occurred on back-to-back Sundays. Liggins has worshipped at the Zion Baptist Church for over 30 years. (ECF No. 1, at 7.) During the 11:00 a.m. service on August 8, 2021, Hill gave Liggins permission to address the congregation as the President of the "Josephine Improvement Association." (*See id.* at 4.) That association is apparently a group of parishioners seeking to enforce the Church's bylaws, which require a quarterly meeting open to all church members. (*See id.* at 2, 4.) Liggins began his remarks by quoting Ecclesiastes. (*See id.* at 2.) He continued by announcing to the congregation that "God told me to tell the Preachers, Deacons, and Trustees to hold a Church Meeting with the whole church body of members, so that they can know where their money is going and being spent on." (*Id.*)

Liggins did not get much further than that. He alleges that Hill demanded Liggins sit down. (*Id.* at 3.) Liggins refused, and Hill yelled that somebody ought to call the police. (*Id.* at 4.) The two engaged in a shouting match until one of the Church's deacons approached Liggins and convinced him to go back to his seat. (*See id.*)

Later that morning, Hill's wife, Nicol Hill ("Nicol"), edited a recording of the church service to erase the portion that showed Hill objecting to Liggins's speech. (*Id.* at 6.) Two days after the hearing, the Church's board served a no-trespass notice on Liggins. (ECF No. 1-1.) The notice advised Liggins that he would be subject to criminal prosecution if he returned to the Church. (*Id.*)

Because of the no-trespass notice, Liggins did not attend the 11:00 a.m. service on August 15, 2021. When Hill addressed the congregation that day, he delivered remarks titled

"Rebuilding After an Insurrection." (ECF No. 1, at 5.) After defining an "insurrection" as "a violent uprising against authority," Hill stated that the Church "had an insurrection on Sunday August 8th, 2021[,] during the 11:00 morning service." (*Id.*) The Church posted that service, including Hill's remarks, to Facebook. (*Id.*) According to Liggins, more than 300 people have viewed the recording. (*Id.* at 6.)

On August 27, 2021, Liggins filed a complaint in this court, naming the Church; its pastor, Karlyle Hill; the pastor's wife, Nicol Hill; and several congregants: Steve Washington; Otis Harper, Sr.; Joseph Tansimore; and Curtis Liggins (collectively "Defendants") as defendants. (*Id.* at 11.) Liggins alleges that Defendants violated three of his constitutional rights: his First Amendment right to free speech, his First Amendment right to practice his religion, and his Fourteenth Amendment right to equal protection. (*Id.* at 3.) He also alleges that Hill's speech on August 15, 2021, was defamatory. (*Id.* at 6.) Defendants have filed both a motion to dismiss Liggins's complaint for failure to state a claim upon which relief can be granted (ECF No. 5) and a motion for sanctions under Federal Rule of Civil Procedure 11 (ECF No. 6). Liggins has responded with two motions for default judgment (ECF Nos. 10, 12) and his own motion for sanctions (ECF No. 11).

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's

allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (alteration original). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action." *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 856 (E.D. Va. 2016).

### III. ANALYSIS

#### A. State Action

Although Liggins's complaint does not identify his cause of action, the court construes his complaint as bringing three alleged deprivations of constitutional rights under 42 U.S.C. § 1983. Section 1983 states that any

> person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To succeed on his constitutional claims, Liggins "must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The second element, the "color-of-law" requirement, "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Id.* (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 (1982)). "Under this doctrine[,courts insist] as a prerequisite to liability 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) (quoting *Lugar*, 457 U.S. at 937). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The state-action requirement dooms Liggins's constitutional claims. He does not allege that any of the Defendants hold government office. (*See* ECF No. 1.) Nor does his 11-page complaint mention a public government body. (*Id.*) It provides no basis for this court to conclude that "the state has so dominated [Defendants' private] activity as to convert it to state action." *Philips*, 572 F.3d at 181. Without that state domination, there is no state action. And without state action, Liggins has not properly pleaded a claim under § 1983.

Further, because Liggins cannot cure this problem—he cannot turn the Defendants, private actors, into state actors—the court will dismiss his § 1983 claims with prejudice.

## B. Supplemental Jurisdiction

Liggins also brings a defamation claim against Hill. Defamation is a Virginia-law cause of action. *See Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013). It is not generally actionable under § 1983. *See Stokes v. O'Keefe*, No. 7:10-cv-00539, 2010 WL 5101111, at *1 (W.D. Va. Dec. 8, 2010).

The court's jurisdiction over this claim is tied to its jurisdiction over Liggins's § 1983 claims. *See* 28 U.S.C. § 1367(a). As the court has "dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over Liggins's defamation claim. *See id.* § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Declining jurisdiction over Liggins's defamation claim is appropriate here. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). These factors overlap considerably, and they all point toward declining jurisdiction here.

"At this early stage in the litigation, where minimal federal resources have been expended, and [complete diversity does not exist], judicial economy is served by [dismissing] the case." *See Burch v. N.C. Dep't of Pub. Safety*, 158 F. Supp. 3d 449, 466 (E.D.N.C. 2016); *cf. Walker v. Johnson*, 446 F. Supp. 3d 88, 104 n.7 (W.D. Va. 2020) (noting that, once discovery has been completed, the judicial-economy factor favors the exercise of jurisdiction). Dismissal in this case also serves comity because the only remaining claim is a state-law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are

dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Vill. Builders on the Bay, Inc. v. Cowling*, 321 F. Supp. 3d 624, 631 (E.D. Va. 2018). "As to fairness, because the proceedings are at such an early stage, no party—all of whom appear to reside in the [Clarke County] area—would be prejudiced by [dismissal]." *Hassan v. Miamee*, No. 1:20-cv-00488, 2020 WL 9347966, at *2 (E.D. Va. June 1, 2020). And convenience is served because Liggins's defamation claim is still within the statute of limitations. *See Burch*, 158 F. Supp. 3d at 466.[1]

Accordingly, the court will decline to exercise supplemental jurisdiction over Liggins's defamation claim. Defendants' motion to dismiss (ECF No. 5) this claim will be granted and Liggins's defamation claim will be dismissed without prejudice.

## C. Default Judgment

Liggins also moved this court for a default judgment against the Defendants. (ECF Nos. 10, 12.) Because a plaintiff must secure an entry of default before the court can enter a default judgment, the court construes these filings as motions for entries of default. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020).

"The law disfavors default judgments as a general matter." *Colleton Preparatory Acad. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a). *See Fidrych*, 952 F.3d at 130. The clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown

---

[1] Virginia's statute of limitations for defamation is one year. Va. Code Ann. § 8.01-247.1; *Gov't Micro Res., Inc. v. Jackson*, 624 S.E.2d 63, 68 (Va. 2006).

by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Here, though, the Defendants have filed a timely motion to dismiss all of Liggins's claims. This is not a failure to "plead or otherwise defend" an action. *See Richardson v. Church of God Int'l*, No. 1:13-21821, 2014 WL 12662067, at *1 (S.D. W. Va. 2014) (denying motion for entry of default when defendant filed a timely responsive pleading). As such, an entry of default judgment would be inappropriate, and Liggins's motions for default judgment (ECF Nos. 10, 12) will be denied.

### D. Sanctions

Defendants move the court to sanction Liggins under Federal Rule of Civil Procedure 11. (ECF No. 6.) Defendants assert that Liggins's lawsuit was brought to harass them, that its factual contentions lack evidentiary support, and that its claims are unwarranted under existing law. (ECF No. 6, at 1–2.) Any one of these bases is sufficient to justify sanctions. *See* Fed. R. Civ. P. 11(b). Sanctions would compensate Defendants for their expenses in responding to Liggins's motion and deter Liggins from pursuing further frivolous litigation. (ECF No. 6, at 3.) Liggins filed a brief in opposition that also moves the court to impose sanctions against Defendants. (ECF No. 11.) The court will consider each basis for sanctions in turn.

#### 1. Improper Purpose (Rule 11(b)(1))

Sanctions are appropriate when a filing has been made "to harass or to cause unnecessary delay or needless increase in the costs of litigation." Fed. R. Civ. P. 11(b)(1). In short, a filing is improper—and therefore sanctionable—if its purpose is not "to vindicate rights in court." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). Other improper purposes could be to create leverage in separate proceedings, to obtain discovery for use in separate

proceedings, to embarrass, or to intimidate. *Myers v. Sessoms & Rogers, P.A.*, 781 F. Supp. 2d 264, 268 (E.D.N.C. 2011).

Nothing in the limited record suggests that Liggins's complaint was filed for an improper purpose. The complaint confirms that Liggins felt Hill violated his constitutional rights by ending his remarks to the congregation early and defamed Liggins by suggesting Liggins was an insurrectionist in his comments the next Sunday.

Defendants advise the court that Liggins has filed unsuccessful claims in federal court on at least three prior occasions. (ECF No. 6, at 3 n.1.) This information suggests that Liggins is generally litigious, not that his filing here is particularly malicious. To be sure, repeated unsuccessful filings in the same case may evidence an improper purpose. *See Sanders v. Farina*, 197 F. Supp. 3d 892, 901 (E.D. Va. 2016). That standard is not met here.[2]

### 2. No Legal Basis (Rule 11(b)(2))

"A legal argument fails to satisfy Rule 11(b)(2) when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Morris v. Wachovia Sec. Inc.*, 448 F.3d 268, 277 (4th Cir. 2006). For purposes of determining sanctions, *pro se* filings are held to a lower standard than counseled filings. *See Guerrero v. Weeks*, No. 1:13cv837, 2014 WL 793523, at *7 (E.D. Va. 2014).

Although Liggins's federal claims are unsuccessful, the court cannot find that a reasonable attorney would have concluded his complaint was wholly unjustified. State

---

[2] At least not yet. But Plaintiff is advised that further filings in this court related to these events at the Church could result in sanctions, including a loss of filing privileges and monetary fines.

action—and its exceptions—is a complicated doctrine, and the Fourth Circuit has repeatedly found that state action was lacking in cases filed by licensed attorneys. *See, e.g.*, *Philips*, 572 F.3d at 180–86; *Holly*, 434 F.3d at 290–94. The court is reluctant to sanction Liggins for a mistake commonly made by members of the Bar. Further, the court has expressed no opinion on Liggins's defamation claim, which may ultimately be meritorious. *See infra* III.B. Because of his *pro se* status, the frequency with which attorneys make mistakes similar to the one Liggins made in pleading his civil-rights claims, and the possibility of a successful defamation claim, the court will not sanction Liggins on the grounds that his complaint lacked a legal basis.

### 3. No Factual Basis (Rule 11(b)(3))

"A complaint's factual allegations fail to meet the requirements of Rule 11(b)(3) when no corroborating information has been obtained before filing." *Myers*, 781 F. Supp. 2d at 267 (citing *Morris*, 448 F.3d at 277). "[A] complaint containing allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." *Kunstler*, 914 F.2d at 516.

That is not the case here. Liggins is representing himself *pro se*. As such, he has firsthand knowledge of the events he describes in his complaint. Bolstering his account, Liggins's complaint includes two corroborating affidavits from fellow parishioners. (ECF Nos. 1-3, 1-4.) As such, Liggins has provided support for his factual allegations, and this support makes sanctions under Rule 11(b)(3) inappropriate.

### 4. Liggins's Motion for Sanctions Against Defendants

Liggins moves for sanctions against the Defendants' attorney in this case. (ECF No. 11, at 2.) He argues that opposing counsel is improperly representing the Church and its

leadership because the entire congregation did not have the opportunity to ratify this representation. (*Id.* at 1–2.) Liggins attaches a letter to this filing, wherein an attorney retained by Liggins and other parishioners contacted Defendants' counsel to determine the scope of his representation of the Church. (ECF No. 11-1.)

The court finds this to be a nonjusticiable matter involving the Church and its parishioners. Accordingly, the court will deny Liggins's motion for sanctions (ECF No. 11.)

Because Liggins's complaint does not warrant sanctions, Defendants' motion for sanctions (ECF No. 6) will be denied. And because Liggins has not substantiated his claim that Defendants' attorney improperly appeared on their behalf in this case, his motion for sanctions (ECF No. 11) will also be denied.

## IV. CONCLUSION

Defendants' motion to dismiss Liggins's complaint will be granted. All other pending motions will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 24th day of November, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE